STATE *EX REL.* SWINTON v. BATES.

1. MANDAMUS—STATE TREASURER.—A writ of mandamus may be issued to require the State treasurer to perform any official duty of a ministerial character.

2. STATE TREASURER—RULES—TRANSFER OF STOCK—EXECUTOR.—The law does not require a legatee, on demanding a transfer of State stock bequeathed to him by the will of the testator in whose name the stock stands on the treasurer's books, to produce a certificate from the judge of probate that the executor is authorized to transfer such stock.   The State treasurer cannot enforce such a rule, as the law has not authorized it.

3. EXECUTORS—TRANSFER OF STOCK—DEBTS—MANDAMUS.—One executor may sell under a power given to all, or assent to a legacy, or transfer assets of the estate, without an order of any court.   But where an executor assented to his own legacy of State stock, and directed the State treasurer to transfer such stock to himself individually before the expiration of the twelve months after testatrix's death, allowed by law for the ascertainment of debts, the court refused to issue its writ of mandamus, commanding the

State treasurer to make the transfer, but without prejudice to relator's right to renew his application at the proper time.

This was an application to the Supreme Court in its original jurisdiction.    The opinion states the case.

*Mr. Charles Boyle,* for relator.

*Mr. O. W. Buchanan,* assistant attorney general, contra.

February 23, 1893.   The opinion of the court was delivered by

MR. JUSTICE POPE.    The relator seeks the issuance, from this court, in its original jurisdiction, of the writ of mandamus against the respondent, as the treasurer of the State of South Carolina, compelling the latter to transfer one thousand dollars of South Carolina consolidated stock, standing in the name of Mrs. Jane C. Lehre on the books of the office of the treasurer of said State, to the relator.

The petition herein sets forth that the said Jane Lehre, at the time of her death, on the 17th day of May, 1892, had, on the books of the treasurer of the State of South Carolina, the sum of six thousand six hundred and seventy-five dollars in South Carolina consolidated stock, and that, by the provisions of her last will and testament, the said Jane Lehre bequeathed such stock as follows: to her nephew, the relator, one thousand dollars, and to other persons the balance thereof; that the relator having been nominated as one of the executors of such will, duly qualified as such executor; that such will was duly proved in the Probate Court for Colleton County, in this State; that such relator, in the character as executor of Mrs. Lehre's will, has assented to this legacy to himself, and in writing has directed the respondent to transfer $1,000 of such South Carolina consolidated stock to himself as legatee under Mrs. Lehre's will, and has furnished the respondent with a certified copy of such will; but that the respondent wholly neglects and refuses to transfer such stock to the relator, alleging that it is the rule of such office as treasurer of the State that no stock will be transferred on the books of that office unless the Probate Court of Colleton County, in this State, will furnish a certificate, that

the executor of Mrs. Lehre's will is authorized and empowered to transfer the said stock, which certificate the said probate judge declines to furnish.

The return of the respondent admits the facts as alleged in the petition, and submits that the rule should be discharged and the writ refused, because, he says: (1) It is not clear that the will of Mrs. Lehre requires the distribution of the stock in her name on the books of the State treasurer, and the respondent should not be required to distribute the estates of deceased persons. (2) That the rule of the office of State treasurer requires the certificate of probate judge that the executor is authorized to transfer stock before the same is done. (3) That it does not appear that those persons to whom Mrs. Lehre may have been indebted in her lifetime have been called upon to present their demands, or that the debts have been paid.

This court has no difficulty in reaching the conclusion that the writ of mandamus may be issued to require the treasurer of this State to perform any duty of a ministerial character pertaining to such office. Nor, on the other hand, is there perceived any good reason why the relator should be required to present to the State treasurer any certicate from the probate judge showing the executor's power to transfer stock standing in the name of the testatrix on the books in the office of the State treasurer. No doubt, such a rule is one of convenience, but all rules adopted by a public officer for the guidance of the affairs of his office, in order to be binding on the public, must be based upon some authority in the law. If no power is confided by the law in such officer to establish such rule, or if the law itself does not prescribe such rule, the officer, when he is required to perform some duty of his office, cannot invoke such rule to protect him in the failure to discharge his duty.

The difficulty we have met in this case arises from different considerations, and we have reached a conclusion only after much hesitation. Under the laws of this commonwealth, the executor of the will of a deceased person is required to first pay the debts of his testator, and afterwards to pay legacies. Such executor is allowed twelve months to

ascertain the indebtedness, and the creditors of such estate are allowed the same time to present their demands. Every one is presumed to know this law. The State treasurer is bound to act upon this law in his dealings with others. Such being the case, the question is presented, what is he to do— what does the law require him to do—when one executor, within seven or eight months after the death of a testator, presents an assent to a legacy, when such executor is the legatee? There can be no longer any doubt that State stock is a chose in action, transferable by an executor without the necessity of an order of court therefor, unless forbidden by the will to do so. *Chapman* v. *City Council of Charleston*, 30 S. C., 559, and cases there cited. It is also well settled that when the will provides more than one executor, and a power of sale is given to executors as such, the act of one is the act of all, so far as third persons are concerned. *Rosborough* v. *McAliley*, 10 S. C., 246; *Chapman* v. *City Council*, *supra*, 2 Wms. on Ex'rs, 683 (2d edition). The same principle applies as to the effect of an assent of one of several executors to a legacy. Chief Justice McIver, in delivering the judgment of this court, in the case of *Chapman* v. *City Council*, *supra*, is quite pointed when he there refers to the duty of the city council of Charleston as to stock registered upon the books of such council in the name of the testator, Chapman, so far as the will of said Chapman was concerned. In that connection, at page 562, he says: "There is no doubt that, as the stock originally stood on the books of the city treasurer in the name of the testator, and was afterwards consolidated into one certificate, in the name of his estate, the city authorities must be presumed to have examined the will before they could properly allow the stock to be transferred; and, if they failed to make such examination, they must be presumed to have had notice of everything that such an examination, properly conducted, would have disclosed."

Now apply the principle here formulated to the case at bar. Here the State treasurer has the will of Mrs. Lehre presented to him. He finds that amongst its provisions there is a requirement that her debts shall be paid; that she disposes of

certain State stock, standing in her name on the books of the State treasurer, to certain persons named in her will; that one of her executors, before twelve months from her death have expired, transfers to himself, as legatee, $1,000 of such stock. Is he not bound to stay his hand until the twelve months have expired? It is the duty of every one in office, or out of office, to facilitate, in every legitimate way, the upholding the law in its entirety. The estates of the dead, so far as their administration is concerned, is a most sacred trust. The law requires executors, or administrators, to first pay the debts of the testator, or intestate, as the case may be, and thereafter to turn over the same to the persons entitled to the same. This order fixed by the law should not be inverted, and no officer is required by law to assist in such inversion—certainly within the twelve months given by law as a protection to a personal representative.

The judgment of this court is, that the rule be dismissed, and the writ of mandamus prayed for be refused, but without prejudice to the right of the relator to renew his application, if necessary, after the expiration of the twelve months allowed creditors of a decedent to present their demands against his estate.